**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE:

| | |
|---|---|
| COMPOSITE TECHNOLOGY INTERNATIONAL, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | COURT NO.: 17-00178 |

## COMPLAINT

Plaintiff, Composite Technology International, Inc., by and through its attorneys of record, alleges as follows:

## PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of California, with its principal place of business in Sacramento, California.

2. Defendant, United States, through United States Customs and Border Protection ("Customs") is responsible for classifying merchandise imported into the United States under the Harmonized Tariff Schedule of the United States ("HTSUS") and collecting duties.

## STANDING AND JURISDICTION

3. Plaintiff is the importer of record for the entries of the merchandise which are the subject of this complaint and is the real party in interest.

4. Pursuant to 19 U.S.C. §1514(a)(2), Plaintiff timely filed protests that challenged Customs' decision to classify the subject entries under Subh. 4421.90.97, HTSUS, as "Other

Court No.: 17-00178

articles of wood: Other: Other: Other" (2011-2015) and assessed duties at the rate of 3.3% *ad valorem*.

5. Customs denied the protests.

6. Plaintiff has standing to bring this action pursuant to 28 U.S.C. § 2636(a)(1) because it timely filed its summons to challenge Customs' denial of the protests.

7. Based on the timely filed protests which Customs denied and the timely filed summons, the court has jurisdiction of this action under 28 U.S.C. § 1581(a), as amended.

## FACTUAL BACKGROUND

8. This action involves the classification of the wood products Plaintiff imported under Entry No. M13-1313260-1 (dated October 12, 2011), at the Los Angeles, CA seaport, as well as twenty-nine other entries that are covered by the protests included in the summons.

9. The claims with respect to the entries covered by Protest No. 2704-14-100810 are abandoned because these are subject to the stipulated judgment upon agreed statement of facts filed with the court in Case No. 17-00213.

10. The imported merchandise includes wooden stiles and rails which are rectangular in shape and of various lengths.

11. The stiles and rails are used as door parts.

12. The stiles and rails are constructed exclusively from laminated veneered lumber (LVL) that is comprised of thin layers of wood (veneers less than 6 millimeters in thickness). (Hereinafter the merchandise is known as the "All-LVL merchandise").

13. The layers of the LVL are made of non-coniferous poplar wood.

14. Each layer of wood is laminated to one another with the grain of each layer oriented parallel to one another.

Court No.:  17-00178

15. The All-LVL merchandise includes painted stiles and rails that are surface covered with white paint and/or primer.

16. The All-LVL merchandise is painted except for entries subject to Protest No. 2704-15-100282 which consists of unpainted All-LVL merchandise.

17. The edges of the of the painted All-LVL merchandise are continuously shaped with a groove.

18. The top layers of the unpainted All-LVL stiles and rails are made of superior grade veneers, which are free and clear of notches and defects.

19. The ends of the of the unpainted All-LVL merchandise are straight cut or rebated (have a step cut).

20. Other than the All-LVL merchandise, the balance of the imported merchandise consists of lock blocks that are rectangular shaped.

21. The lock blocks are made from solid wood that is coniferous pine lumber.

22. The lock blocks are used with doors.

23. The lock blocks are continuously shaped along their edge with a rebate (step cut).

24. Customs denied the protests based on Court of International Trade (CIT) Case No. 13-00205.

25. The merchandise in Case No. 13-00205 involved door stiles and rails made of LVL laminated to a piece of pine lumber (greater than 6 mm in thickness) known as a "pine cap."

26. The CIT held that the pine cap merchandise in Case No. 13-00205 is classified under Subh. 4421.90.97, HTSUS, as "Other articles of wood: Other: Other: Other."

Court No.:  17-00178

27. The painted All-LVL merchandise does not contain a laminated piece of pine lumber (pine cap) of any thickness.

28. The unpainted All-LVL merchandise does not contain a laminated piece of pine lumber (pine cap) of any thickness.

29. The lock blocks do not contain a laminated pine cap, but rather are made entirely of solid pine.

30. Customs classified the entries of under Subh. 4421.90.97, HTSUS as "Other articles of wood: Other: Other: Other" and assessed duty at the rate of 3.3% *ad valorem*.

31. Plaintiff claims and alleges the painted All-LVL merchandise is properly classified under Subh. 4412.99.51, HTSUS (2011-2015) as "Plywood, veneered panels and similar laminated wood: Other: Other: With at least one outer ply of nonconiferous wood: Other: Other" which is free of duty.

32. Plaintiff claims and alleges the unpainted All-LVL merchandise is properly classified under Subh. 4412.99.51, HTSUS (2011-2015) as "Plywood, veneered panels and similar laminated wood: Other: Other: With at least one outer ply of nonconiferous wood: Other: Other" which is free of duty.

33. Plaintiff claims and alleges the lock blocks are classified under Subh. 4409.10.90, HTSUS, (2011-2015) as "Wood (including strips and friezes for parquet flooring, not assembled) continuously shaped (tongued, grooved, rebated, chamfered, V-jointed, beaded, molded, rounded or the like) along any of its edges, ends or faces, whether or not planed, sanded or end-jointed: Coniferous: Other: Other," which is duty free.

//

//

Court No.: 17-00178

# **CLAIM 1**

34. Plaintiff re-alleges paragraphs 1-33 as though fully set forth herein.

35. Pursuant to General Rule of Interpretation 1 ("GRI 1") of the HTSUS, the imported All-LVL painted merchandise, made exclusively of thin layers of non-coniferous, poplar wood (each veneer less than 6 mms in thickness) and with the grain of each layer parallel to one another, is provided for under the terms of Heading 4412, HTSUS, because it is similar to veneered panels and similar laminated wood.

36. Customs rulings, such as HQ 960469 (Oct. 24, 1997), HQ W968307 (Feb. 6, 2007) and HQ W968306 (Feb. 6, 2007) classify LVL merchandise under Heading 4412, HTSUS.

37. Plaintiff's painted All-LVL merchandise does not contain a pine cap which would preclude classification under Heading 4412, HTSUS.

38. Pursuant to Legal Note 4 to Chapter 44, HTSUS, the continuous shaping of the edges of the painted All-LVL merchandise with a groove are not operations that gives the merchandise the character of other articles of wood classified under Heading 4421, HTSUS.

39. Pursuant to Additional Note 1(c), to Chapter 44 HTSUS, the painted merchandise is surface covered with paint and/or primer which is permitted for goods classified under Heading 4412, HTSUS.

40. The All-LVL painted merchandise is properly classified under Subh. 4412.99.51, HTSUS, as "Plywood, veneered panels and similar laminated wood: Other: Other: With at least one outer ply of nonconiferous wood: Other: Other."

//

//

//

Court No.:  17-00178

## **CLAIM 2**

41. Plaintiff re-alleges paragraphs 1-33 as though fully set forth herein.

42. Pursuant to General Rule of Interpretation 1 ("GRI 1") of the HTSUS, the imported All-LVL unpainted merchandise, made exclusively of thin layers of non-coniferous, poplar wood (each veneer less than 6 mms in thickness) and with the grain of each layer parallel to one another, is provided for under the terms of Heading 4412, HTSUS, because it is similar to veneered panels and similar laminated wood.

43. Customs rulings, such as HQ 960469 (Oct. 24, 1997), HQ W968307 (Feb. 6, 2007) and HQ W968306 (Feb. 6, 2007) classify LVL merchandise under Heading 4412, HTSUS.

44. Plaintiff's unpainted All-LVL merchandise does not contain a pine cap which would preclude classification under Heading 4412, HTSUS.

45. Pursuant to Legal Note 4 to Chapter 44, HTSUS, the straight end cuts or rebated ends of this All-LVL merchandise are not operations that give the merchandise the character of other articles of wood classified under Heading 4421, HTSUS.

46. The All-LVL merchandise is properly classified under Subh. 4412.99.51, HTSUS, as "Plywood, veneered panels and similar laminated wood: Other: Other: With at least one outer ply of nonconiferous wood: Other: Other."

## **CLAIM 3**

47. Plaintiff re-alleges paragraphs 1-33 as though fully set forth herein.

48. Pursuant to General Rule of Interpretation 1 ("GRI 1") of the HTSUS, the imported lock blocks, made exclusively of solid pine wood with a rebated edge are provided for under the terms of Heading 4409, HTSUS, because it is solid wood that is continuously shaped (profiled).

Court No.:  17-00178

49. The lock blocks made from coniferous wood with a rebated edge are classified under Subh. 4409.10.90, HTSUS, duty-free as "Wood (including strips and friezes for parquet flooring, not assembled) continuously shaped (tongued, grooved, rebated, chamfered, V-jointed, beaded, molded, rounded or the like) along any of its edges, ends or faces, whether or not planed, sanded or end-jointed: Coniferous: Other: Other."

## REQUEST FOR RELIEF

50. Plaintiff requests the Court to enter judgment in favor of the Plaintiff as follows:

(1) The imported All-LVL merchandise (painted and unpainted) is classified under Subh. 4412.99.51, which is duty free;

(2) The imported lock blocks are classified under Subh. 4409.10.90, HTSUS, which is duty free;

(3) Defendant is ordered to re-liquidate the subject entries free of duty and issue refunds of the excess duties and fees paid, with interest, as provided by law, and

(4) Plaintiff is granted an award of its costs, attorneys' fees and other relief that the Court deems equitable and just.

Dated: October 19, 2021                     Respectfully submitted,

                              /s/ Mandy Kirschner
                        By:  Mandy Edwards Kirschner, Esq.
                             Elon A. Pollack, Esq.
                             Stein Shostak Shostak Pollack & O'Hara, LLP
                             865 South Figueroa Street, Suite 1388
                             Los Angeles, California 90017
                             Telephone Number: (213) 630-8888
                             Fax Number: (213) 630-8890
                             E-Mail: mkirschner@steinshostak.com
                                     elon@steinshostak.com